### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EUSTACE E. DIAZ,** | : | **No. 3:13cv3021** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **COMMISSIONER OF** | : | |
| **SOCIAL SECURITY,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Plaintiff Eustace E. Diaz's (hereinafter "plaintiff") appeal from the Defendant Commissioner of Social Security's decision to deny him disability insurance benefits.  The matter has been fully briefed and is ripe for disposition.

## Background

Plaintiff filed a claim for social security disability insurance benefits on May 27, 2011.  He alleged disability due to asthma, high blood pressure, cataracts and diabetes.  (Doc. 11 through 11-9, Record (hereinafter "R.") at 110).  At the time, plaintiff had attained the age of sixty-two (62), and he had a strong work history.  (R. at 106, 111).  The Social Security Administration denied plaintiff's claim initially on July 27, 2011.  He appealed and requested a hearing.  An administrative law judge (hereinafter "ALJ") held an abbreviated hearing on February 16, 2012.  (R.

at 22-34).

During the hearing, the ALJ indicated that plaintiff needed to be seen by an ophthalmologist and that he, the ALJ, needed the assistance of a vocational expert.  (R. at 33).  The ALJ noted that after this evidence had been gathered, another hearing would be held.  (Id.)  Rather than holding another hearing or continuing the truncated hearing, the ALJ issued a decision denying plaintiff's claim.  (R. at 14-18, ALJ's Decision).  He concluded that plaintiff is not disabled as defined in the Social Security Act and is able to return to his past work. (R. at 16-17).  He thus denied plaintiff's claim on July 20, 2012.  (R. at 14-18, ALJ's Decision).  Plaintiff requested Appeals Council review.  The Appeals Council denied review on October 24, 2013.  (R. at 1, Notice of Appeals Council Action).  The instant appeal followed.  Plaintiff alleges that the ALJ violated his constitutional right to due process by not re-convening the hearing.

**Jurisdiction**

The court has federal question jurisdiction over this Social Security Administration appeal.  See 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section

405(g) of this title to the same extent as the Commissioner's final

determinations under section 405 of this title."); see also 42 U.S.C. §

405(g) ("Any individual, after any final decision of the Commissioner of

Social Security made after a hearing to which he was a party, irrespective

of the amount in controversy, may obtain a review of such decision by a

civil action commenced within sixty days after the mailing to him of notice

of such decision or within such further time as the Commissioner of Social

Security may allow.  Such action shall be brought in the district court of the

United States for the judicial district in which the plaintiff resides, or has his

principal place of business . . . .").

**Standard of Review**

In reviewing a Social Security appeal, this court must determine

whether "substantial evidence" supports the ALJ's decision.  See, 42

U.S.C. § 405(g); Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d

Cir. 2012); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).  The

United States Supreme Court has defined "substantial evidence" as "such

relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620

(1966).  The Third Circuit Court of Appeals has explained that "substantial

3

evidence has been defined as 'more than a mere scintilla;' it means 'such relevant evidence as a reasonable mind might accept as adequate.'" Hagans, 694 F.3d at 292 (quoting Plummer, 186 F.3d at 427).

The court should not reverse the Commissioner's findings merely because evidence may exist to support the opposite conclusion. See 42 U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (stating that courts may not weigh the evidence or substitute its own conclusion for those of the fact-finder);  Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001)(indicating that when the ALJ's findings of fact are supported by substantial evidence, courts are bound by those findings, even if they would have decided the factual inquiry differently).  In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo, 383 U.S. at 620.

Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981) and "must take into account whatever in the record fairly detracts from its

4

weight." <u>Universal Camera Corp. v. N.L.R.B.</u>, 340 U.S. 474, 488 (1971).

"When a conflict in the evidence exists, the ALJ may choose whom to

credit but 'cannot reject evidence for no reason or for the wrong reason."

<u>Plummer</u>, 186 F.3d at 429 (quoting <u>Mason v. Shalala</u>, 994 F.2d 1058,

1066 (3d Cir. 1993).   The Commissioner must indicate which evidence

was accepted, which evidence was rejected, and the reasons for rejecting

certain evidence.  <u>Johnson v. Comm'r of Soc. Sec.</u>, 529 F.3d 198, 204 (3d

Cir. 2008).  Therefore, a court reviewing the decision of the Commissioner

must scrutinize the record as a whole.  <u>Smith v. Califano</u>, 637 F.2d 968,

970 (3d Cir.1981).

**Discussion**

Plaintiff's appeal raises the following issues: 1) Did the ALJ deprive

plaintiff of his right to a full and fair hearing?  2) Does the record contain

any evidence to support the ALJ's determination that plaintiff is able to

return to his past work?  3) Did the ALJ err in failing to call a vocational

expert? and 4) Did the ALJ err by failing to assign weight to any of the

opinions contained in the record?  We will begin our analysis by examining

whether the ALJ deprived plaintiff of his right to a full and fair hearing.

The Third Circuit Court of Appeals has explained as follows:

"The Social Security Act gives those claiming disability benefits a right to a

hearing in which witnesses may testify and evidence may be received.

See 42 U.S.C.A. § 405(b)(1)[.] . . . Although the hearing is informal in

nature, due process requires that any hearing afforded claimant be full and

fair." Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995).  A hearing is not

"full and fair" "where a claimant is deprived of the opportunity to present

evidence to an ALJ in support of his or her claim[.]"  Bordes v. Comm'r of

Soc. Sec., 235 F. App'x 853, 857 (3d cir. 2007).

In the instant case, the ALJ, Seth I. Grossman, held a hearing on

February 16, 2012.  The hearing lasted approximately twelve (12) minutes

and consisted of the ALJ asking the plaintiff questions regarding his past

work and his impairments.  (See R. at 23-35).   At the hearing, the ALJ

indicated that to render a decision he needed plaintiff to be examined by

an ophthalmologist.  He also needed the assistance of a vocational expert

to clarify whether plaintiff could go back to his past work or if plaintiff could

perform any other jobs.  (R. at 33).  The ALJ indicated that "I can't get this

information without an expert, **so we will need another hearing**."  (Id.

(emphasis added)).

After the ALJ indicated that another hearing would be held, plaintiff's

6

counsel stated she had no objection to the ALJ's suggested course of action. (Id. at 33).   Plaintiff's counsel did not have an opportunity to ask him any questions or to call any witnesses or to make any argument at that hearing.  That second hearing, however, was never held.  Plaintiff evidently went to an ophthalmologist who issued a report.  The report caused the ALJ to determine that plaintiff did not suffer from a visual impairment that would affect his ability to perform his former work.  After the ALJ received this report, he determined that he did not need a supplemental hearing for vocational expert testimony. The ALJ denied the claim, and a vocational expert never testified or provided a report.

Plaintiff argues that the hearing he received cannot be described as "full and fair" because the ALJ cut it short and indicated it would resume at a later date.  Defendant argues that a second hearing is not necessary because the ophthalmologist's report established that plaintiff did not have a significant visual impairment.  We find that it was inappropriate for the ALJ to come to this conclusion without providing the plaintiff the opportunity to present his own evidence/questioning and argument on the issue.  To accept the report without examining whatever evidence/testimony the plaintiff might have presented had he been allowed

the promised hearing is a violation of the plaintiff's due process right to present evidence to support his claim.  It would be inappropriate for us to determine whether the ALJ's decision is based on "substantial evidence" where the plaintiff did not have an opportunity to present all his evidence, develop the record and make argument to the ALJ.

Accordingly, because the hearing was stopped short, and was supposed to be continued at a later date, we find that the plaintiff did not have a full and fair opportunity to present evidence to the ALJ in support of his claim.  Plaintiff's due process rights were violated and the matter will be remanded to the ALJ for further proceedings.  Plaintiff's appeal will be granted and the case will be remanded to the Commissioner for further proceedings consistent with this memorandum.

**Conclusion**

For the reasons set forth above, we find that the ALJ violated plaintiff's due process rights by not scheduling a second hearing as he said he would.  Accordingly, the matter will be remanded to the ALJ for further proceedings.  Because we find that the ALJ violated plaintiff's rights by not holding the second hearing, we will not address the other three issues raised by the plaintiff.  An appropriate order follows.

8

**Date: Nov. 7, 2014**                    <u>**s/ James M. Munley**</u>
                                          **Judge James M. Munley**
                                          **UNITED STATES DISTRICT COURT**